SAN-KNIT-ARY TEXTILE MILLS, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46117.   Promulgated March 17, 1931.

*David H. H. Felix, Esq.,* and *Harry Felix, Esq.,* for the petitioner.
*Miles J. O'Connor, Esq.,* for the respondent.

**OPINION.**

SEAWELL: The petitioner is not entitled to claimed deductions amounting to $7,442.82 as expense items, unless the same are allowable under section 234 (a) (1) of the Revenue Act of 1926 or section 23 (a) of the Revenue Act of 1928, such being the applicable sections of

the law and both providing that all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business may be deducted from gross income.

The taxable year involved is the fiscal year begun July 1, 1927, and ended June 30, 1928.

The evidence shows that a judgment was rendered against Simon Friedberger in 1926, at which time he was in the employ of the petitioner and its president. The judgment was the result of a suit brought against him on account of an automobile accident in which he was involved and which occurred while he was driving the petitioner's automobile. The evidence does not disclose what his particular mission or business, if any, for the petitioner was at the time the accident occurred. No suit was brought against the petitioner because of said accident, but the evidence shows that the petitioner employed counsel to defend the suit against Friedberger and after the judgment against him borrowed money of two individuals, which was used to compromise and settle said judgment and expenses incurred following said accident and suit. The money was borrowed for the purpose stated prior to July 1, 1927, and the judgment was settled the latter part of June, 1927.

The evidence does not show that any legal liability was imposed on petitioner by reason of the automobile accident or the judgment against Friedberger.

Although the attention of petitioner's counsel was called to the fact during the hearing that the statement that Friedberger at the time of the accident was on the business of the petitioner was a statement of a conclusion, it was not shown what duty or business if any, Friedberger was performing for petitioner at the time of the accident.

In the light of the evidence, it is our opinion that it has not been shown that the expense incurred or paid by petitioner and claimed as deductible was an ordinary and necessary expense incurred or paid in the taxable year in the carrying on of its business and, therefore, the same may not be deducted from petitioner's gross income.

Futhermore, if, as the evidence indicates, petitioner's accounts were kept on the accrual basis and there was any obligation resting on petitioner because of the borrowing of the money to make a compromise settlement of the judgment against Friedberger, that obligation was incurred in June, 1927, when the money was borrowed and judgment compromised and is not a deductible item in the fiscal year ended June 30, 1928, although the borrowed money may have been in fact repaid in such latter fiscal year.

The authorities cited and relied on by petitioner are not such as to sustain its contention, under our findings of fact.

*Judgment will be entered for the respondent.*